OPINION *Page 2 
{¶ 1} Appellant Lisa Starkey appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son, Thomas Starkey III, to Appellee Tuscarawas County Job and Family Services ("TCJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Thomas Starkey III was born in 1998. In November 2000, custody of Thomas was granted to his maternal grandmother via an order from the Coshocton County Juvenile Court. However, due to significant behavioral problems, Thomas was placed in the Beech Brook Residential Center in 2005. In 2007, Thomas left Beech Brook, and said facility recommended that he should not return to the maternal grandmother. On June 28, 2007, TCJFS filed a complaint for dependency. Temporary custody was thereupon granted to the agency, and Thomas was placed in a therapeutic foster home.
 {¶ 3} On May 14, 2008, TCJFS filed a motion seeking a disposition of permanent custody to the agency. The matter proceeded to an evidentiary hearing on August 21, 2008. Neither appellant nor Thomas' father, Thomas Starkey II, appeared for the hearing. Appellant's trial counsel told the court he had last spoken with appellant on May 24, 2008, but that he had not recently heard from her despite sending numerous letters regarding the permanent custody hearing. Tr. at 30.
 {¶ 4} Following the presentation of evidence and the acceptance of grandmother's prior stipulation to permanent custody, the trial court issued a judgment entry granting permanent custody of Thomas to TCJFS. *Page 3 
 {¶ 5} Appellant filed a notice of appeal on September 11, 2008. She herein raises the following sole Assignment of Error:
 {¶ 6} "I. THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILD SHOULD NOT BE PLACED WITH THE APPELLANT AND THAT IT WAS IN THE MINOR CHILD'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES."
 I. {¶ 7} In her sole Assignment of Error, appellant contends the trial court's grant of permanent custody was not supported by the evidence. We disagree.
 {¶ 8} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides in pertinent part as follows:
 {¶ 9} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period *** and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 11} "(b) The child is abandoned. *Page 4 
 {¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."
 {¶ 14} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 15} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 16} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 17} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 18} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 19} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." *Page 5 
 {¶ 20} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., In re Brown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v. DeHass (1967), 10 Ohio St .2d 230, 227 N.E.2d 212. Furthermore, it is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994),95 Ohio App.3d 309, 316, 642 N.E.2d 424.
 {¶ 21} The record before us reveals, inter alia, that Thomas has been diagnosed with several disorders, including ADHD, Disruptive Behavior Disorder, Reactive Attachment Disorder, Pervasive Developmental Disorder, and Bipolar Disorder. See Caseworker Wanosik testimony, Tr. at 8. Thomas has been or is taking numerous medications, including Focalin, Depakote, Vyvanse, Lithium, and Clonidine. Id. at 9, 12. While he has been in therapeutic foster care, Thomas has shown violent and aggressive "extreme behaviors," sexual acting out, cruelty to animals, and running *Page 6 
away. Id. at 10. His problems have contributed to serious academic delays, and some of the behavior improvements that have been seen would regress if he were returned to an unstructured environment. Id. at 12. The only evidence introduced on the feasibility of parental placement for Thomas demonstrates that neither appellant nor Thomas' father can provide for such needs, as the parents have significant issues, including domestic violence, drug use, and lack of independent housing. Tr. at 18-20. Ms. Wanosik estimated that appellant and the father have been out of contact with Thomas for more than four years. Id. at 14. According to the testimony of therapist Jody Ashe, LSW, Thomas requires nearly constant supervision and a "very structured setting," although he has shown improvement during the counseling he has received through the Center for Child and Family Development. Tr. at 22-24. The record further reveals the guardian ad litem's recommendation that permanent custody be granted to TCJFS.
 {¶ 22} In the case sub judice, we note appellant and Thomas' father failed to participate in the permanent custody evidentiary, and neither parent challenged the testimony of the TCJFS witnesses or the trial court's application of R.C. 2151.414(B)(1)(a) and R.C. 2151.414(D), supra, to the facts presented. Upon review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Thomas to TCDJFS was made in the consideration of the child's best interests and did not constitute error or an abuse of discretion. *Page 7 
 {¶ 23} Appellant's sole Assignment of Error is overruled.
 {¶ 24} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1